J-S34039-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEONTAE ALLEN MCDOWELL, | : | |
| | : | |
| Appellant | : | No. 82 WDA 2018 |

Appeal from the Order Entered December 5, 2017
in the Court of Common Pleas of Beaver County Criminal Division
at No(s): CP-04-CR-0000870-2015
CP-04-CR-0000874-2015

BEFORE:  BOWES, STABILE, AND STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 29, 2018**

Deontae Allen McDowell (Appellant) appeals from the December 5, 2017 order denying his motion, which sought a modification of his sentence in each of the above-referenced cases to include a recidivism risk reduction incentive (RRRI) minimum sentence pursuant to 61 Pa.C.S. Ch. 45.  Because the trial court erred by not treating Appellant's motion as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, we vacate the trial court's order and remand with instructions.

On June 24, 2015, Appellant pled guilty to two counts of the crime persons not to possess a firearm (one count in Case No. 870 of 2015 and one count in Case No. 874 of 2015).  On the same day, the sentencing court sentenced Appellant to concurrent terms of five to ten years' imprisonment

---

*Retired Senior Judge assigned to the Superior Court.

on each count, and determined that Appellant was ineligible for an RRRI sentence.

On July 18, 2016, Appellant filed *pro se* a PCRA petition (2016 PCRA petition). Counsel was appointed, but was later granted permission to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court notified Appellant that it intended to dismiss the 2016 PCRA petition without a hearing in accordance with Pa.R.Crim.P. 907. After considering Appellant's *pro se* response, the PCRA court dismissed the 2016 PCRA petition on January 18, 2017. Appellant subsequently filed a notice of appeal, which this Court docketed at 391 WDA 2017.[1]

On November 27, 2017, while Appellant's appeal at 391 WDA 2017 was pending before this Court, Appellant *pro se* filed the motion at issue in the instant case. In the motion, Appellant sought modification of his sentences to include RRRI minimum sentences. Motion to Correct RRRI Eligibility, 11/27/2017, at 1, 5. The trial court denied the motion on December 5, 2017, reasoning that Appellant is statutorily ineligible for RRRI based upon his prior second-degree misdemeanor simple assault conviction pursuant to 18 Pa.C.S. § 2701 and his persons not to possess a firearm

---

[1] That matter is still pending. This Court quashed the appeal as being untimely filed on February 12, 2018, and denied Appellant's request for reargument on April 19, 2018. Appellant filed a petition for allowance of appeal on May 21, 2018, upon which our Supreme Court has not yet ruled.

convictions pursuant to 18 Pa.C.S § 6105. Trial Court Order, 12/5/2017, at 2-3 (citing 61 Pa.C.S. § 4503 (excluding from the definition of eligible offender anyone who was convicted of certain personal injury crimes and/or an offense under 18 Pa.C.S. Ch. 61)). Alternatively, the trial court stated that it was denying Appellant's motion based upon lack of jurisdiction. According to the trial court, because more than thirty days had passed since it had issued the sentencing order, it was unable to modify Appellant's sentences to make him eligible for RRRI. *Id.* at 2 (citing 42 Pa.C.S. § 5505 and ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) ("The [t]rial [c]ourt's decision on a request to file post-sentence motion *nunc pro tunc* must be rendered within 30 days of the imposition of sentence.").

Appellant timely filed a notice of appeal.[2] The trial court did not order Appellant to file a concise statement of matters complained of on appeal

---

[2] The filing deadline was January 4, 2018. ***See*** Pa.R.A.P. 903(a). The trial court received Appellant's notice of appeal on Monday, January 8, 2018, four days outside of the appeal period. Nevertheless, we deem Appellant's appeal to be timely filed pursuant to the prisoner mailbox rule. ***See Commonwealth v. Woods***, 179 A.3d 37, 41 n.5 (Pa. Super. 2017) (stating that a *pro se* filing by an incarcerated prisoner is deemed filed on the date the prisoner deposits the notice of appeal with the prison authorities and/or places it in the prison mailbox). Appellant dated the notice of appeal and accompanying certificate of service for January 3, 2018. What appears to be the envelope in which the notice of appeal was enclosed is illegible, and thus we are unable to determine the date on which it was postmarked. There is no other evidence in the record indicating what date Appellant deposited the notice of appeal with the prison officials and/or placed it within the prison mailbox. The burden to prove compliance is on Appellant. ***Smith v. Pennsylvania Board of Board of Probation and Parole***, 683 A.2d 278, 281 (Pa. 1996). On the certificate of service, Appellant certified that he

*(Footnote Continued Next Page)*

pursuant to Pa.R.A.P. 1925(b), but filed an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant asks this Court to decide whether the trial court erred by denying his motion to correct his RRRI eligibility. Appellant's Brief at 2. Appellant argues that he is now eligible for an RRRI sentence based upon the Pennsylvania Supreme Court's decision in *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239 (Pa. 2017). *Id.* at 8-14. According to Appellant, that decision prohibits an offender from being disqualified from RRRI based upon a single instance of violence. *Id.*

Before we consider the substance of Appellant's claim, we must determine the proper framework for our review. The first principle of note is that "the PCRA subsumes all forms of collateral relief … to the extent a remedy is available under such enactment." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). Stated another way, "any motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

*(Footnote Continued)* ———————————

mailed the notice of appeal one day prior to the expiration of the appeal period. Although the self-serving certification technically does not constitute evidence of the date of mailing, based upon the occurrence of an intervening weekend between the date on the certificate of service and the date on which the trial court received Appellant's notice of appeal, it is likely that Appellant did deposit the notice of appeal with prison officials and/or place it in the prison mailbox prior to January 4, 2018. Thus, we will consider his appeal as timely filed.

The failure to impose a RRRI minimum sentence on an eligible offender implicates the legality of the sentence. ***Commonwealth v. Tobin***, 89 A.3d 663, 670 (Pa. Super. 2014). A motion to correct an illegal sentence based upon RRRI eligibility must be treated as a PCRA petition because legality of sentence issues are expressly cognizable under the PCRA. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011), ***citing*** 42 Pa.C.S. § 9542 ("[The PCRA] provides for an action by which ... persons serving illegal sentences may obtain collateral relief."). Because the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose," 42 Pa.C.S. § 9542, it applies to an attempt to obtain relief from an illegal sentence even if the petitioner is unable to satisfy the PCRA's time restrictions. ***Jackson***, 30 A.3d at 522-23. Thus, the trial court erred by treating Appellant's motion to correct his RRRI eligibility as an untimely-filed post-sentence motion instead of a PCRA petition.

However, because Appellant filed this petition at a time when the appeal from the dismissal of his 2016 PCRA petition was pending, it was subject to the jurisdictional restrictions set forth in ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000). In that case, our Supreme Court held that while a "PCRA appeal is pending, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for

seeking such review." *Id.* at 588; *see also Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*) (reaffirming that *Lark* "precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible"). Because Appellant's appeal from the dismissal of his 2016 PCRA petition was still pending in this Court at the time he filed his motion to correct RRRI eligibility, the trial court lacked jurisdiction to adjudicate issues regarding collateral relief related to Appellant's criminal matters. *Lark*, 746 A.2d at 588. Accordingly, we vacate the trial court's order and remand the case to the trial court to dismiss Appellant's PCRA petition as premature.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Stabile joins the memorandum.

Judge Bowes files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2018